[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12379
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cv-01452-MHH,
Bkcy No. 15-bk-03267-JJR13


In re:


GWENETH DOUGLASS POWERS,


Debtor.

_____

GWENETH DOUGLASS POWERS,
ANTHONY D. POWERS,


Plaintiffs-Appellants,


versus


CHADWELL HOMES OF ALABAMA LLC,


Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 13, 2021)

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Gweneth and Anthony Powers, proceeding *pro se*, appeal the district court's order affirming the bankruptcy court's grant of relief from the co-debtor stay under 11 U.S.C. § 1301 to Chadwell Homes of Alabama, LLC ("Chadwell").

Anthony Powers is a co-debtor with his wife, Gweneth Powers, under a mortgage owned by Chadwell. Gweneth Powers filed for Chapter 13 bankruptcy, which triggered an automatic stay that barred Chadwell from pursuing an action to collect debt related to the mortgage from Anthony Powers as a co-debtor.[1]

---

[1] The automatic stay provision, in full, provides that:

Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless--

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

11 U.S.C. § 1301(a).

2

Chadwell moved for relief from the automatic co-debtor stay under § 1301(c)(2) with respect to Anthony Powers.[2]  Section 1301(c)(2) provides that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that . . . the plan filed by the debtor proposes not to pay such claim.

After holding the required hearing, the bankruptcy court granted Chadwell relief from the § 1301(a) codebtor stay because Gweneth Powers's Chapter 13 plan did not provide for payment of Chadwell's claim.[3]

The Powerses, proceeding *pro se*, appealed to the district court.  The district court affirmed the bankruptcy court's order providing Chadwell relief from the co-debtor stay.  After discussing the relationship between the parties and Gweneth Powers's prior appeal in which the district court affirmed the bankruptcy court's grant of stay relief with respect to Gweneth Powers's interest in the mortgaged property, the district court rejected the Powers's argument that Chadwell was not a "creditor" because Gweneth Powers was no longer personally liable on the mortgage due to her prior bankruptcy discharge.  The district court explained that Chadwell was a creditor because it made a loan to the Powerses for the purchase of

---

[2] Previously, the bankruptcy court granted Chadwell stay relief with respect to Gweneth Powers's interest in the mortgaged property, and that relief was affirmed by the district court on appeal.

[3] Instead, Gweneth Powers's Chapter 13 "plan," which is essentially a payment plan that the debtor must file, *see* 11 U.S.C. §§ 1321–22, proposed to pay taxes, a claim for furniture, an automobile lease, and certain unsecured creditors.

property, the loan had not been repaid, Anthony Powers was still liable on the loan, and the loan was subject to the automatic co-debtor stay that took effect upon the filing of Gweneth Powers's bankruptcy proceeding. The district court noted that the Powerses did not challenge the bankruptcy court's substantive analysis under § 1301(c)(2), and the district court found no error in the bankruptcy court's analysis. The Powerses moved for a "rehearing," reiterating many of the same arguments and contending that the district court denied them due process because it ruled on their motion within seven days of their last filing. The district court denied their motion for reconsideration. The Powerses timely appealed.[4]

As the second court of review of the bankruptcy court's judgment, we review independently the bankruptcy court's factual and legal conclusions, employing the same standards of review as the district court. *In re Mitchell*, 633 F.3d 1319, 1326 (11th Cir. 2011). We review the bankruptcy court's factual findings for clear error, and we review *de novo* the legal conclusions of both the bankruptcy court and the district court. *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

---

[4] Although the Powerses appealed from the district court's order denying their motion for reconsideration in addition to its order affirming the bankruptcy court's grant of stay relief to Chadwell, the Powerses make no arguments on appeal related to the order denying reconsideration and thus have abandoned any challenge related to that order. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)). Accordingly, we consider only the district court's order affirming the bankruptcy court's order granting Chadwell relief from the co-debtor stay.

The sole issue on appeal is whether the bankruptcy court erred in granting Chadwell relief from the co-debtor stay under 11 U.S.C. § 1301(c)(2).[5]  When a debtor files a voluntary petition for Chapter 13 bankruptcy relief, 11 U.S.C. § 1301(a) imposes an automatic stay that prevents a creditor from pursuing an action to collect that debt from a co-debtor.  A creditor may seek relief from that automatic stay, however, under § 1301(c)(2).  That section provides that: "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic stay provision] with respect to a creditor, to the extent that . . . the plan filed by the debtor proposes not to pay such claim."

---

[5]  The majority of the Powers's appellate briefing focuses on issues and arguments beyond the scope of this appeal.

The Powers's arguments related to their state foreclosure case, including allegations that various state court judges are conspiring against them, are irrelevant to whether the bankruptcy court erred in granting Chadwell relief from the codebtor stay, so we do not address these arguments.

Similarly, the Powers's argument that the bankruptcy court was biased against them and committed fraud by not recusing from the Powers's case is improperly before us because, though the bankruptcy court denied the Powers's motion for recusal, the Powerses failed to identify the failure to recuse in their statements of issues on appeal to the district court pursuant to Fed. R. Bank. P. 8009(a)(1)(A).  Fed. R. Bankr. P. 8009(a)(1)(A) (directing an appellant to file with the clerk and serve on the appellee a statement of the issues to be presented for appeal); *In re Freeman*, 956 F.2d 252, 255 (11th Cir. 1992) ("[A]n issue that is not listed pursuant to [the bankruptcy appeal requirements] and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal.").

Lastly, the Powerses argue that "[a]t the time relief from automatic stay was granted, [Gweneth Powers's] case was in chapter 7" and there is "no co-debtor stay in chapter 7."  This argument relates to the original stay relief granted to Chadwell with respect to Gweneth Powers's interest in the mortgaged property. This appeal, however, involves stay relief granted to Chadwell with respect to Anthony Powers's interest in the property.  Thus, this argument is also beyond the scope of this appeal.  The record reveals that when the bankruptcy court granted Chadwell relief from the co-debtor stay in the order underlying this appeal, Gweneth Powers's case had been converted back to a Chapter 13 proceeding.

The record reveals, and the Powerses do not contest, that Chadwell was listed as a creditor in the bankruptcy record, Gweneth's Chapter 13 payment plan did not propose to pay Chadwell, and that the bankruptcy court followed the proper procedures under § 1301(c).  The Powers's only argument that we can discern challenging the bankruptcy court's order is that the mortgage lien on the property is "invalid and unenforceable" because of various defects in the deed.  This argument fails.  Regardless of whether the underlying mortgage is valid or the debt is disputed, Chadwell is still a "creditor" for purposes of the bankruptcy code.  *See In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1551 n.5 (11th Cir. 1990); 11 U.S.C. § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor"); 11 U.S.C. § 101(5)(A) (defining "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured").  The Powers's argument misses the point of the underlying bankruptcy court order.  The order subject to this appeal does not determine whether Chadwell is entitled to foreclose on the Powers's property.  Rather, the underlying bankruptcy court order only lifted a stay that prevented Chadwell from attempting to initiate such a proceeding.  *See* 11 U.S.C. § 1301.  Because the Powerses have shown no error as

6

to the bankruptcy court's grant of relief from the co-debtor stay under 11 U.S.C. § 1301(c), we affirm.[6]

**AFFIRMED**.

---

[6] The Powerses argue we should remand this case to the district court for further briefing because the district court erred in concluding that the Powers's arguments in the instant appeal did not rely on "newly discovered evidence." When the Powerses appealed the bankruptcy court's order to the district court, the Powerses represented that the present appeal differed from their prior appeal when the district court affirmed the bankruptcy court's grant of stay relief to Chadwell in regard to Gweneth Powers's interest in the mortgaged property because this appeal relied on "newly discovered evidence." The Powerses submitted an excerpt of a years' old bankruptcy court transcript as their "newly discovered evidence." The district court did not err in concluding that the Powers's present appeal did not, in fact, rely on new evidence. Further, remand is not necessary on this ground because the Powers's arguments surrounding this transcript relate to their contention that the mortgage Chadwell owns on their property is invalid. Once again, the order subject to this appeal does not determine the validity of the mortgage on the Powers's property or determine whether Chadwell is entitled to foreclose on the property.